LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOEL DE JESUS,<br>*on behalf of himself, FLSA Collective Plaintiffs and the Class*,<br><br>Plaintiff,<br><br>v.<br><br>KDEM EATS INC<br>　　d/b/a MUGHLAI INDIAN CUISINE,<br>KARENA FOODS INC<br>　　d/b/a MUGHLAI INDIAN CUISINE,<br>EDA FOOD INC<br>　　d/b/a MUGHLAI INDIAN CUISINE,<br>MAHENDER TULSIANI and<br>GARY TULSIANI,<br><br>Defendants. | Case No.:<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT<br><br><br><br>Jury Trial Demanded |

Plaintiff, JOEL DE JESUS ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, KDEM EATS INC d/b/a MUGHLAI INDIAN CUISINE, KARENA FOODS INC d/b/a MUGHLAI INDIAN CUISINE, and EDA FOOD INC d/b/a MUGHLAI INDIAN CUISINE ("Corporate Defendants"), GARY TULSIANI and

1

MAHENDER TULSIANI (collectively, "Individual Defendants," and together with Corporate Defendants, "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) unpaid wages due to time-shaving, (4) liquidated damages and (5) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) unpaid wages due to time-shaving, (4) unpaid spread of hours premium, (5) statutory penalties, (6) liquidated damages and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff JOEL DE JESUS is a resident of Bronx County, New York.

6. Defendants operate an enterprise comprised of three restaurants under the common trade name "Mughlai Indian Cuisine" with addresses as follows:

    (a)    255 W 55th St, New York, NY 10019;

    (b)    1724 2nd Ave, New York, NY 10128; and

    (c)    329 3rd Ave, New York, NY 10010. (collectively, the "Restaurants").

2

7. The Restaurants operate as a single integrated enterprise. Specifically, the Restaurants are engaged in related activities, share common ownership and have a common business purpose.

    (a) The Restaurants are advertised jointly as a common enterprise on Defendants' website: https://mughlaicuisineny.com/. The website's background list all of the Restaurants' locations. *See Exhibit A*.

    (b) The Restaurants share a common logo, an common email address, "About Us" Webpage, "Menu" Webpage, "Location" Webpage and "Contact Us" Webpage. *See Exhibit B*.

    (c) The Restaurants are marketed jointly on the following social media accounts:
- Instagram: https://www.instagram.com/mughlaicuisine/?hl=en; and
- Facebook :
    - https://www.facebook.com/mughlai55/?ref=py_c;
    - https://www.facebook.com/mughlai2ndave/;
    - https://www.facebook.com/pg/Mughlai-Indian-Cuisine-3rd-Avenue-878534572263034/about/?ref=page_internal. *See Exhibit C*.

    (d) Based on Plaintiff's observations and conversations with other employees, supplies and employees are interchangeable amongst the Restaurants' locations.

8. Corporate Defendants:

    (a) Corporate Defendant KDEM EATS INC is a domestic business corporation organized under the laws of the State of New York, with a principle place of business and an address for service of process located at 255 W 55th St, New York, NY 10019. Defendant KDEM EATS INC owns and operates the Mughlai Indian Cuisine restaurant located at 255 W 55th St, New York, NY 10019.

(b) Corporate Defendant KARENA FOODS INC is a domestic business corporation organized under the laws of the State of New York, with a principle place of business and an address for service of process located at 1724 2nd Ave, New York, NY 10128. Defendant KARENA FOODS INC owns and operates the Mughlai Indian Cuisine restaurant located at 1724 2nd Ave, New York, NY 10128.

(c) Corporate Defendant EDA FOOD INC is a domestic business corporation organized under the laws of the State of New York, with a principle place of business and an address for service of process located at 329 3rd Ave, New York, NY 10010. Defendant EDA FOOD INC owns and operates the Mughlai Indian Cuisine restaurant located at 329 3rd Ave, New York, NY 10010.

9. Individual Defendants:

(a) Individual Defendant MAHENDER TULSIANI is an owner and principal of Corporate Defendant, KDEM EATS INC. MAHENDER TULSIANI exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. MAHENDER TULSIANI had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, MAHENDER TULSIANI would have the authority to effect any changes to the quality and terms of employees' employment. MAHENDER TULSIANI regularly visited the restaurant and directly reprimanded any employee who did not perform his duties correctly. MAHENDER TULSIANI ensured that employees effectively serve customers and that the business is operating efficiently and profitably. MAHENDER TULSIANI exercised functional control over the business and financial operations of Corporate Defendant, KDEM EATS INC.

(b) Individual Defendant GARY TULSIANI is an owner and principal of both Corporate Defendants, KARENA FOODS INC and EDA FOOD INC. GARY TULSIANI exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. GARY TULSIANI had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, GARY TULSIANI would have the authority to effect any changes to the quality and terms of employees' employment. GARY TULSIANI regularly visited the restaurant and directly reprimanded any employee who did not perform his duties correctly. GARY TULSIANI ensured that employees effectively serve customers and that the business is operating efficiently and profitably. GARY TULSIANI exercised functional control over the business and financial operations of Corporate Defendants, KARENA FOODS INC and EDA FOOD INC.

10. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

11. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including cooks, food preparers, dishwashers, cashiers, hosts/hostesses, porters, bartenders, barbacks, servers, runners, bussers and delivery persons, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

5

13. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them (i) minimum wage, (ii) overtime premium, and (iii) proper wages due to a policy of time-shaving.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including cooks, food preparers, dishwashers, cashiers, hosts/hostesses, porters, bartenders, barbacks, servers, runners, bussers and delivery persons, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

18. The Class further includes a subclass of tipped employees comprised of servers, bussers, runners, bartenders, barbacks and delivery persons ("Tipped Subclass") who also number more than forty (40). Plaintiff is a member of both the Class and the Tipped Subclass.

19. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay minimum wage, (ii) failing to pay overtime premium, (iii) failing to pay wages for all hours worked due to a policy of time-shaving, (iv) failing to pay spread of hours premium, (v) failing to provide proper wage statements per requirements of the New York Labor Law, and (vi) failing to provide proper wage and hour notices per requirements of the New York Labor Law.

20. With regard to Plaintiff and the Tipped Subclass, Defendants were not entitled to take any tip credits because they failed to meet statutory requirements under the New York Labor Law. Even if Defendants could have taken the maximum tip credit, they still failed to pay Plaintiff and Tipped Subclass members the minimum cash wage required by the NYLL.

21. Furthermore, in violation of the NYLL, Defendants (i) failed to provide notice that a tip credit was being claimed, (ii) failed to record the tip credit allowance taken on periodic wage statements given to Plaintiff and Tipped Subclass members, and (iii) required Plaintiff and

Tipped Subclass members to spend two (2) hours, or twenty percent (20%) of each shift engaged in non-tipped activities.

22. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

24. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of

separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

26. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants employed Plaintiff and Class members within the meaning of the New York law;

(b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

(c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class members for their work;

(d) Whether Defendants properly notified Plaintiff and Class members of their regular hourly rate and overtime rate;

(e) Whether Defendants paid Plaintiff and Tipped Subclass members the proper minimum wage under the New York Labor Law;

(f) Whether Defendants provided proper notice to Plaintiff and Tipped Subclass members that Defendants were taking a tip credit;

(g) Whether Defendants provided proper wage statements informing Plaintiff and Tipped Subclass members of the amount of tip credit taken for each payment period and other information required to be provided on wage statements;

(h) Whether Defendants required Plaintiff and Tipped Subclass members to perform non-tipped work for more than 20 percent of their workday;

(i) Whether Defendants paid Plaintiff and Class members the proper minimum wage and overtime compensation under the New York Labor Law;

(j) Whether Defendants paid Plaintiff and Class members for all hours worked given Defendants' illegal policy of time-shaving.

(k) Whether Defendants paid Plaintiff and Class members the spread of hours premium as required by the New York Labor Law;

(l) Whether Defendants provided proper wage statements to Plaintiff and Class members per requirements of the New York Labor Law; and

(m) Whether Defendants provided proper wage and hour notices to Plaintiff and Class members per requirements of the New York Labor Law.

## STATEMENT OF FACTS

27. From on or about December 28, 2019, Plaintiff JOEL DE JESUS was employed by Defendants to work as a delivery person for Defendants' "Mughlai Indian Cuisine" restaurant located at 255 W 55th St, New York, NY 10019. Plaintiff's employment was terminated on or around January 6, 2021.

28. Throughout his employment with Defendants, Plaintiff JOEL DE JESUS was scheduled to work seven (7) days a week, from 10:00 a.m. until 10:00 p.m., for a total of eighty-four (84) hours per week. However, on Fridays and Saturdays, Plaintiff was required to work for an additional thirty (30) minutes to one (1) hour after his scheduled shift and was not paid for such hours, resulting in time-shaving. FLSA Collective Plaintiffs and Class members were similarly suffered from the Defendants' policy of time-shaving.

29. Throughout his employment with Defendants, Plaintiff JOEL DE JESUS was paid an a straight time rate of $5.00 per hour in Defendants' personal check. At all times, Plaintiff is a tipped employee. Based on Plaintiff JOEL DE JESUS's direct observations and conversations with other employees at Defendants' restaurants, Tipped Subclass members worked similar hours and were paid similarly.

30. Throughout Plaintiff JOEL DE JESUS's employment with Defendants, he regularly worked over forty (40) hours per week, however, Plaintiff was not compensated his overtime premium for hours worked over forty (40), as Defendants paid Plaintiff at a straight time rate for all the hours worked. FLSA Collective Plaintiffs and Class members were required to work similar hours that regualrly exceeded forty (40) hours per week and were similary paid at a straight time rate for their overtime hours.

31. At all relevant times, Defendants paid Plaintiff and Tipped Subclass members below the prevailing minimum wage in violation of the FLSA and NYLL.

32. Moreover, Plaintiff and Tipped Subclass members never receive proper notice that Defendants were claiming a tip credit. In addition, Plaintiff and Tipped Subclass members did not receive notice informing them that the tips they received must be retained by them except for a valid tip pooling arrangement, or that the tip credit taken by Defendants may not exceed the value of tips that they actually received. Further, Defendants failed to provide proper wage statements informing Plaintiff and Tipped Subclass members of the amount of tip credit taken for each payment period.

33. During his employment with Defendants, Plaintiff was required to engaged in various non-tipped activities, such as dishwashing, food preparing, unloading vendor deliveries and cleaning the restaurant, for twenty (20) percent or more of their workday. Based on Plaintiff's direct observations and conversations with other employees, Tipped Subclass members similarly spent at least twenty (20) percent of their workday performing such non-tipped activities.

34. At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class members regularly worked over forty (40) hours per week, but Defendants failed to pay them minimum wage and overtime compensation, in violation of the FLSA and NYLL.

35. At all times relevant, Defendants failed to pay Plaintiff, FLSA Collective Plaintiffs and  Class members for all hours worked due to a policy of time-shaving, in violation of the FLSA and NYLL.

36. At all times relevant, the workdays of Plaintiff and Class members regularly exceeded ten (10) hours per day. However, Defendants failed to pay Plaintiff and Class members the spread of hours premium as required by NYLL.

37. At no time during the relevant time periods did Defendants provide Plaintiff or Class members with proper wage and hour notices or wage statements as required by NYLL.

38. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and Tipped Subclass members either the FLSA minimum wage or the New York State minimum wage. With regard to Tipped Subclass members, Defendants were not entitled to take any tip credits because they failed to meet statutory requirements under the FLSA and NYLL. Even if Defendants could have taken the maximum tip credit, they still failed to pay Plaintiff and Tipped Subclass members the minimum cash wage required by the NYLL.

39. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked in excess of forty (40) hours per week.

40. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and Class members for all their hours worked due to time-shaving, in violation of the FLSA and NYLL.

41. Defendants knowingly and willfully operated their business with a policy of not paying the spread of hour premium to Plaintiff and Class members, in violation of the NYLL.

42. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class members, in violation of the NYLL.

43. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiff and Class members, in violation of the NYLL.

44. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

45. Plaintiff realleges and reavers Paragraphs 1 through 44 of this class and collective action Complaint as if fully set forth herein.

46. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

47. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

48. At all relevant times, each of the Corporate Defendants had gross annual revenues in excess of $500,000.

49. At all relevant times, Defendants engaged in a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked due to time-shaving.

50. At all relevant times, Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs.

51. At all relevant times, Defendants had a policy and practice of failing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

52. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

53. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

54. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wage, unpaid overtime compensation, and unpaid wages due to a policy of time-shaving plus an equal amount as liquidated damages.

55. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

56. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

57. Plaintiff realleges and reavers Paragraphs 1 through 56 of this class and collective action Complaint as if fully set forth herein.

58. At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

59. Defendants knowingly and willfully violated Plaintiff's and Tipped Subclass members' rights by failing to pay them the minimum wage required by the New York Labor Law. As factually described above, Defendants were not entitled to any tip credits under NYLL with respect to the Tipped Subclass.

60. Defendants knowingly and willfully violated Plaintiff's and Class members' rights by failing to pay them the proper minimum wage and overtime compensation at rates of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

61. Defendants knowingly and willfully violated Plaintiff's and Class members' rights by failing to pay them for all hours worked due to a policy of time-shaving.

62. Defendants knowingly and willfully violated Plaintiff's and Class members' rights by failing to pay the spread of hours premium for each workday that exceeded ten (10) hours.

63. Defendants knowingly and willfully failed to provide proper wage and hour notices to Plaintiff and Class members, as required by New York Labor Law § 195(1).

64. Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class members with every wage payment, as required by New York Labor Law § 195(3).

65. Due to Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid minimum wage, unpaid overtime compensation, unpaid wages due to time-shaving, unpaid spread of hours premium, damages for

unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid minimum wage due under the FLSA and NYLL;

d.  An award of unpaid overtime compensation due under the FLSA and NYLL;

e.  An award of unpaid wages for all hours worked due to a policy of time-shaving;

f.  An award of unpaid spread of hours due under the New York Labor Law;

g.  An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

h.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage, overtime compensation, and unpaid wages due to time-shaving pursuant to the FLSA;

i.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage, overtime compensation, unpaid wages due to time-shaving, and spread of hours premium, pursuant to the NYLL;

j. An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

l. Designation of this action as a class action pursuant to F.R.C.P. 23;

m. Designation of Plaintiff as Representative of the Class and Subclass; and

n. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: April 5, 2021

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By: */s/ C.K. Lee*
C.K. Lee, Esq.